Joseph Gensemer's Estate.   Sarah K. Davidson's Appeal.

*Lunacy—Quashing inquisition.*

An inquisition in lunacy will not be quashed because of a previous outstanding and unreturned commission where it appears that the first commission was issued five years before the second; that no return was ever made; that the commissioner had never acted, and that all parties interested had apparently treated the proceeding as abandoned.

Argued May 21, 1895.   Appeal, No. 56, Jan. T., 1895, by Sarah K. Davidson, from order of O. C. Lancaster Co., Nov. T., 1892, No. 3, refusing to quash inquisition in lunacy.   Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to quash inquisition in lunacy.

The facts appear in the preceding case and by the opinion of the Supreme Court.

*Error assigned* was refusing to quash inquisition.

*W. U. Hensel, O. P. Bricker, J. Hay Brown* and *John G. Johnson* with him, for appellant.

*John H. Fry* and *B. F. Davis, H. M. House* with him, for appellee.

OPINION BY MR. JUSTICE DEAN, July 18, 1895 :

A full statement of the facts in this case will be found in appeal of this same appellant, No. 55 of same court, opinion filed this day.

The first commission to inquire into the lunacy of Joseph Gensemer, issued to J. W. Denlinger, commissioner, Sept. 20, 1886.   No return day was fixed in the commission, and no

return was ever made; the commissioner, so far as appears, never acted. The record stood thus, until the 9th of July, 1891, almost five years afterwards, when the same petitioner presented a similar petition, on which W. H. Roland, Esq., was appointed commissioner, inquisition had, return made, and confirmed by the court.

The motion was to quash the second inquisition, because of the pendency of the first proceeding. In the meantime, the circumstances of the alleged lunatic had materially changed; his wife had died. The petitioner may have, on reflection, thought that as long as her father had the advice and care of his wife the proceeding should not be pressed, and thus have in effect abandoned it; then, on her mother's death, thought the protection of her father's estate, and the care of his person, demanded the services of a guardian appointed by the court, and for that reason instituted the second proceeding. At all events, all parties, up until June 8, 1894, nearly three years after the return and confirmation of second inquisition, and appointment of committee, seem to have treated the first proceeding as abandoned. No motion to quash the second was made because of the first still standing open. The learned judge of the court below committed no error in treating the first as the parties did, that is, as abandoned, although the record did not show a formal dismissal or discontinuance. If the motion had been made in time, or immediately after the presentation of the second petition, the court would probably have ordered a suspension of proceedings, until discontinuance and payment of costs on the first petition. Under the circumstances, the discontinuance now and payment of costs can be ordered on motion of any party interested.

Therefore, the decree refusing to quash inquisition is affirmed, and appeal dismissed at costs of appellee.